**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Tommy J. MITCHELL, Defendant–**
**Appellant.**

No. 01–3320.

United States Court of Appeals,
Seventh Circuit.

Argued March 5, 2002.

Submitted March 7, 2002.

Before COFFEY, EASTERBROOK,
and MANION, Circuit Judges.

Order

■ A conditional guilty plea to a charge of firearms possession by a felon, see 18 U.S.C. § 922(g)(1), reserved a single issue for appellate review: Whether the district judge should have suppressed evidence (including four firearms) discovered during a search of Mitchell's apartment. After an evidentiary hearing, the district judge concluded that Mitchell voluntarily had consented to the search. We hold that this finding is not clearly erroneous, and thus affirm.

Three police officers plus one civilian observer testified that, following his arrest for driving with a suspended license, Mitchell consented to the search. He testified to the contrary and offered the support of two witnesses who had heard snatches of Mitchell's exchange with the officers. The district judge believed the officers. That was his prerogative, and an appellate court cannot upset a credibility finding of this kind. Mitchell insists that his position was "more logical" than that of the officers. Maybe; maybe not; but unless documentary or other powerful (and incontestable) evidence is inconsistent with a credibility determination, that decision must be respected. *Anderson v. Bessemer City*, 470 U.S. 564, 575–76, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). No hard evidence undercuts the officers' testimony, so the

district judge's finding is invulnerable on appeal.

 As for voluntariness: the validity of a consent does not depend on advice that consent may be withheld, that counsel may be consulted, and the like. See *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Mitchell observes that Indiana requires police to tell persons in custody that they may consult counsel before deciding whether to consent, and he contends that he did not receive that advice. We need not evaluate the veracity of his assertions; suppression of evidence in a federal prosecution is not an available remedy for violations of state law. See, e.g., *Pasiewicz v. Lake County Forest Preserve District,* 270 F.3d 520 (7th Cir.2001); *United States v. Strache,* 202 F.3d 980, 986 (7th Cir.2000). Whatever remedies Mitchell may have under state law (damages, for example) he should pursue separately. The voluntariness of his consent under the *Schneckloth* criteria is not open to serious doubt. Mitchell, who had a high school education and was in his 40s at the time, consented promptly after the police asked; there is no evidence of physical coercion. To the extent Mitchell may be arguing that the police were not entitled even to *ask* for consent, because his arrest was for a traffic offense, his argument is incompatible with *United States v. Childs,* 277 F.3d 947 (7th Cir. 2002) (en banc).

AFFIRMED